Sealed
Public and unofficial staff access to this instrument are prohibited by court order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
*October 14, 2021*
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. **4:21cr500** |
| ASHAR MOOSA, | § § | |
| Defendant. | § | |

### INDICTMENT

**THE GRAND JURY CHARGES THAT:**

#### Introduction

At all times material to this Indictment:

#### The Export Control Reform Act of 2018

1. The Export Control Reform Act of 2018 ("ECRA"), 50 U.S.C. §§ 4801-4852, provides for the control of the export, re-export, and in-country transfer of items, and specific activities of United States persons, wherever located, that implicate national security. To that end, ECRA grants the President the authority to control "(1) the export, re-export, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items. 50 U.S.C. § 4812. ECRA further grants the Secretary of Commerce the authority to establish the applicable regulatory framework. It is unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under ECRA. 50 U.S.C. § 4819. Willful violations of ECRA are crimes punishable by a prison term of up to 20 years and a fine of up to a $1,000,000.00. 50 U.S.C. § 4819(b).

2. Pursuant to ECRA's authority, the United States Department of Commerce ("U.S. Department of Commerce" or "DOC") reviews and controls the export of certain items,

including commodities, software, and technology, from the United States to foreign countries through the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774. In particular, the EAR restricts the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR imposes licensing and other requirements for items subject to the EAR lawfully to be exported from the United States. "Export" is defined in the EAR as an "actual shipment or transmission out of the United States." 15 C.F.R. § 734.13(a)(1).

3. The most sensitive items subject to EAR controls are identified on the Commerce Control List ("CCL"). 15 C.F.R. part 774, Supp. No. 1. Items on the CCL are categorized by Export Control Classification Number ("ECCN") based on their technical characteristics. Each ECCN has export control requirements depending on destination, end user, and end use.

4. As further described below, the referenced firearm parts include:

    a. one 80% finished lower receiver for AR-15 style rifle, which is controlled under ECCN 0A501.e, and requires a license from the U.S. Department of Commerce for export to Pakistan;

    b. one set, consisting of one upper and one 80% lower receiver for an AR-15 style rifle, which is controlled under ECCN 0A501.e, and requires a license from the U.S. Department of Commerce for export to Pakistan;

    c. one set, consisting of one upper and one 80% lower receiver for an AR-10 style rifle, which is controlled under ECCN 0A501.e, and requires a license from the U.S. Department of Commerce for export to Pakistan;

    d. two Sig pistol slides (upper), VSLP 320C1, which are controlled under ECCN 0A501.x, and require a license from the U.S. Department of Commerce for export to Pakistan;

  e. one Sig pistol slide (upper), P365, which is controlled under ECCN 0A501.x, and requires a license from the U.S. Department of Commerce for export to Pakistan;

  f. five Glock/Sig pistol barrels, which are controlled under ECCN 0A501.c, and require a license from the U.S. Department of Commerce for export to Pakistan;

  g. eight folding stock adaptors, which are controlled under ECCN 0A501.x, and require a license from the U.S. Department of Commerce for export to Pakistan.

5. Consequently, it is illegal for any person to export from the United States any firearm parts that are controlled pursuant to the EAR without an export license or other written authority from the U.S. Department of Commerce.

6. ASHAR MOOSA never applied for, received, or possessed a license from the U.S. Department of Commerce to export the referenced firearm parts.

### Smuggling of Goods from the United States

7. It is unlawful for a person to violate United States smuggling laws. Title 18, United States Code, Section 554(a) makes it a federal crime to fraudulently or knowingly export or send from the United States, or attempt to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States. Violations of Title 18, United States Code, Section 554, are punishable by a prison term of up to 10 years. 18 U.S.C. § 554(a).

8. The items listed in paragraph 4 above could not and cannot be exported from the United States without a license or written approval from the U.S. Department of Commerce under

the CCL pursuant to the EAR.

9. ASHAR MOOSA never applied for, received, or possessed a license from the U.S. Department of Commerce to export the referenced firearm parts in paragraph 4.

## COUNT ONE
### (Violations of the Export Control Reform Act, 50 U.S.C. §§ 4801-4852, and the Export Administration Regulations, 15 C.F.R. Part 730 et seq.)

10. The allegations in paragraphs 1 through 9 are incorporated by reference herein.

11. On or about February 18, 2021, in the Houston Division of the Southern District of Texas,

**ASHAR MOOSA,**

defendant, did willfully attempt to export and attempt to cause the export of commodities from the United States to Pakistan, to wit; firearm parts as referenced above in paragraph 4 above, which are controlled under ECRA and the EAR, without having first obtained a license for such export from the U.S. Department of Commerce.

In violation of section Title 50, United States Code, § 4819 and Title 15 C.F.R. §736.2(b)(1).

## COUNT TWO
### (18 U.S.C. § 554 and 2 - Smuggling of Goods from the United States)

12. The allegations in paragraphs 1 through 9 are incorporated by reference herein.

13. On or about February 18, 2021, in the Houston Division of the Southern District of Texas,

**ASHAR MOOSA,**

defendant, did fraudulently and knowingly attempt to export and send from the United States, merchandise, articles or objects, contrary to any law or regulation of the United States, and, separately, received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of such merchandise, article or object, to wit, the firearm parts listed in paragraph 4 above, knowing the same to be intended for exportation contrary to any law or regulation of the United

4

States, to wit, the Export Control Reform Act of 2018.

All in violation of Title 18, United States Code, §§ 554(a) and 2.

## NOTICE OF CRIMINAL FORFEITURE
## 18 U.S.C. § 554
## 50 U.S.C. §4819(d)(1)

14. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 50, United States Code, Section 4819(d)(1), the United States of America hereby gives notice to defendant,

**ASHAR MOOSA,**

that upon conviction of a violation of 18 U.S.C. § 554 or Title 50, United States Code, Section 4819, as charged in this Indictment, all merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be forfeited to the United States and includes, but is not limited to the following:

    a.    one 80% finished lower received for AR-15 style rifle;

    b.    one set, consisting of one upper and one 80% lower receiver for an AR-15 style rifle;

    c.    one set, consisting of one upper and one 80% lower receiver for an AR-10 style rifle;

    d.    two Sig pistol slides (upper), VSLP 320C1;

    e.    one Sig pistol slide (upper), P365;

    f.    five Glock/Sig pistol barrels;

    g.    eight folding stock adaptors;

    h.    one slide out "brace" for AR-15 style rifle;

    i.    assorted additional firearm parts and their accessories.

A TRUE BILL:

Signature on File

FOREPERSON OF THE GRAND JURY

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

Richard W. Bennett
Assistant United States Attorney
1000 Louisiana, Suite 2300 Houston, Texas 77002
(713) 567-9000 Phone
(713) 718-3300 Fax